UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUTHES C. HOLEYFIELD,

    Plaintiff,

v.                                                                  Case No. 22-C-1090

MILWAUKEE COUNTY JAIL, MARK SANDERS,
JACK EICHERST, and LAUREN LYCAN,

    Defendants.

## SCREENING ORDER

Plaintiff Ruthes C. Holeyfield, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Holeyfield's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Holeyfield has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Holeyfield has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $18.48. Holeyfield's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Holeyfield asserts that he fell twice in the dayroom and once in his cell. He states that he was not taken to the hospital and received no treatment. Holeyfield also states that a witness lied under oath at his trial and that the district attorney and judge knew the witness was lying.[1] Holeyfield states that he wants a new trial and to be released because he is an innocent man.

## THE COURT'S ANALYSIS

Holeyfield's complaint violates Fed. R. Civ. P. 18 and 20 because he brings unrelated claims against different sets of defendants in a single case. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Under Fed. R. Civ. P. 21, the Court may "drop a party" or "sever any claim against a party" that is not properly joined in an action. Accordingly, per Rule 21, the Court will sever from this action potential claims arising from Holeyfield's allegations that he fell. Holeyfield is already pursuing claims arising from those allegations in *Holeyfield v. Wellpath*, Case No. 22-C-1022 (E.D. Wis. Sept. 6, 2022), so it is unnecessary for him to also pursue them in this action.

As to his remaining allegations, §1983 is not the proper vehicle for the relief that Holeyfield seeks. Holeyfield insists he is innocent and requests that all charges against him be dropped and that he be released. But the Supreme Court long ago explained that, when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If Holeyfield chooses to seek a writ of habeas corpus, he should be aware that a district court may not address the merits of a petition "unless the state courts have had a full and fair

---

[1] According to the Wisconsin Circuit Court Access online resource, Holeyfield was found guilty at a jury trial on July 19, 2022. Further proceedings are scheduled for November 21, 2022. *See* www.wicourts.gov (Milwaukee Case No. 2022CF295).

3

opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991); 28 U.S.C. §2254(b)(1)(A). Holeyfield is therefore reminded that he must exhaust all available state remedies or raise all claims before the state courts before a district court will consider a petition on the merits. *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982).

One final note: The Court acknowledges that Holeyfield has written three letters since he filed his complaint. These letters raise new allegations and new claims against individuals not named in the complaint. These purported claims are not properly joined in this action. Thus, if Holeyfield wants to pursue these claims, he must do so in separate cases. The Court reminds Holeyfield that he must pay the $350 civil case filing fee for every case he files.

**IT IS THEREFORE ORDERED** that Holeyfield's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; his second motion for leave to proceed *in forma pauperis* (Dkt. No. 7) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** because claims related to Holeyfield's medical care are not properly joined in this action and because the relief he seeks is not available under §1983.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that the agency having custody of Holeyfield shall collect from his institution trust account the $331.52 balance of the filing fee by collecting monthly payments from Holeyfield's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

Holeyfield is transferred to another institution, the transferring institution shall forward a copy of this Order along with Holeyfield's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

Dated at Green Bay, Wisconsin this   14th   day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.